RICHARD NELL and ROSIE NELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nell v. Commissioner
Docket No. 7575-77.
United States Tax Court
T.C. Memo 1982-228; 1982 Tax Ct. Memo LEXIS 521; 43 T.C.M. (CCH) 1226; T.C.M. (RIA) 82228; April 28, 1982. *521 In a prior criminal case tried in United States District Court, petitioner Richard Nell was convicted of various offenses which included the crimes of embezzlement, extortion, conversion and making false statements on his Federal income tax returns for the years in question. Held, respondent's motion for partial summary judgment that Mr. Nell be collaterally estopped to deny certain facts previously litigated in the criminal trial is granted to the extent that the determination of such facts was essential to the judgment of conviction. Peter D. Aiken and Sheldon C. Kurland, for the petitioners. Ivan A. Gomez, for the respondent. *523 STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated April 13, 1977, respondent determined the following deficiencies in petitioners' Federal income taxes and the following additions to tax pursuant to section 6653(b): Addition to Tax
Taxable Year Ended
Pursuant to
Dec. 31,
Deficiency
Section 6653(b)
1969
$ 1,380.20
$ 690.10
1970
19,967.36
9,983.68
1971
12,784.56
6,392.28
1972
15,980.38
7,990.19
1973
17,174.81
8,587.41
The deficiencies and additions to tax were based on respondent's determination that petitioner Richard Nell received taxable benefits from his employer the International Union of Operating Engineers Local 675 in the following amounts: 1969
$ 4,354.20
1970
38,877.84
1971
24,155.14
1972
22,197.85
1973
10,257.98
Respondent also found that Mr. Nell received illegal income in the following amounts: [1]
*524 1970
$ 10,000.00
1972
5,000.00
1973
20,000.00
In addition, the notice of deficiency contained a statement declaring that "Mrs. Rosie Nell is allowed the innocent spouse provision of Section 6653(b) of the 1954 Internal Revenue Code. The fraud penalty shall, therefore, apply only against Mr. Richard Nell." This case is presently before the Court on respondent's motion for partial summary judgment pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure. The issues to be decided are whether petitioner Richard Nell should be collaterally estopped from denying the following facts: (1) that Richard Nell received substantial amounts of income in addition to the amounts which were reported on his Federal income tax returns for the taxable years 1970 through 1973, inclusive; (2) that there were underpayments of petitioners' taxes for the taxable years 1970 through 1973, inclusive; (3) that all or part of the underpayment of taxes required to be shown on petitioners' joint Federal income tax returns for the taxable years 1970 through 1973, inclusive, were due to fraud within the meaning of section 6653(b), I.R.C. *525 1954; (4) that from on or about May 1, 1970 through August 30, 1972, Richard Nell did unlawfully and willfully embezzle, steal, abstract and convert to his own use, monies, funds and assets of the International Union of Operating Engineers Local 675 by causing such monies, funds and assets of such labor union to be expended for the payment of personal legal fees and expenses of Richard Nell; (5) that on or about June 17, 1970, Richard Nell did unlawfully and willfully abstract and convert to his own use and the use of others, monies, funds, assets and property of the International Union of Operating Engineers Local 675 by causing such monies, funds and assets of such labor organization to be expended in the purchase of a 1970 Cadillac in the name of Richard Nell; (6) that from on or about August 1, 1969 up to and including November 8, 1973, Richard Nell did unlawfully and willfully embezzle, steal, abstract and convert to his own use, monies, funds and assets of the International Union of Operating Engineers Local 675, by being paid an automobile and travel expense allowance while, at the same time, being reimbursed for all such expenses relating to the operation and maintenance of *526 his automobile and travel expenses; (7) that from on or about August 1969 through April 1973, Richard Nell did unlawfully and willfully embezzle, steal, abstract and convert to his own use, monies, funds and assets of the International Union of Operating Engineers Local 675, by submitting for payment and approving the payment of false and fraudulent gasoline receipt claims; (8) that from on or about April 21, 1969 through on or about January 19, 1970, Richard Nell did obtain property of Edward Levine in Edward Levine's capacity as a representative of United Construction Company of Tennessee, through wrongful use of fear of financial and economic injury to the business of United Construction Company; (9) that from on or about May 1, 1972 up to and including December 30, 1974, Richard Nell did obtain the property of Ralph Sessa in Ralph Sessa's capacity as a representative of Ralph Sessa Bulldozing, Inc., Sessa Services, Inc. and Burnup & Sims, Inc. through wrongful use of fear of financial and economic injury to the business of Ralph Sessa Bulldozing, Inc., Sessa Services, and Burnup & Sims, Inc.; (10) that from on or about May 1, 1972, up to and including December 30, 1974, Richard *527 Nell did obtain property of Nicholas Caporella in Nicholas Caporella's capacity as a representative of Caporella & Sons, Inc. (name later changed to B.S.I., Inc.) and Burnup & Sims, Inc. through wrongful use of fear of financial and economic injury to the business of Caporella & Sons, Inc. and Burnup & Sims, Inc.; (11) that on or about March 15, 1973, Richard Nell did obtain property of Joseph Wade Nelson in Joseph Wade Nelson's capacity as a representative of Continental Crane Corp. through wrongful use of fear of financial and economic injury to the business of Continental Crane Corp.
FINDINGS OF FACT Petitioners Richard Nell and his wife, Rosie Nell, resided in Hollywood, Florida at the time of filing the petition herein. During the years 1969 through the fall of 1973, Richard Nell was president and business manager of the International Union of Operating Engineers Local 675, a union in Broward County, Florida.Thereafter, Mr. Nell was indicted for a number of crimes connected with his union activities during such period. The indictments were returned by a grand jury for the Southern District of Florida on July 24, 1974 (hereinafter Indictment I) and on May 5, 1976 (hereinafter *528 Indictment II). Indictment I charged Mr. Nell with 7 counts of embezzlement or conversion to his own use of union funds. Specifically, the grand jury charged as follows: COUNT ONE
1. That at all times material to this indictment the International Union of Operating Engineers Local 675 was a labor organization engaged in an industry affecting commerce within the meaning of Sections 402(i) and (j) of Title 29, United States Code. 2. That at all times hereinafter mentioned, the defendant, RICHARD NELL, was an employee and officer of the International Union of Operating Engineers Local 675, that is, as a member of the Executive Board of said Local Union, as a member of the Holding Corporation Board of said Local Union, and as President of said Local Union 675. 3. That on or about August 25, 1969, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use and the use of others, monies, funds and assets of the International Union of Operating Engineers Local 675, its Holding Corporation and Building Fund in the approximate amount of $ 6,000.00 by causing said monies, funds and assets *529 of said labor organization to be expended for a European vacation for RICHARD NELL and others. All in violation of Section 501(c), Title 29, United States Code. COUNT TWO
3. That from on or about May 1, 1970, up to August 30, 1972, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of Operating Engineers Local 675 in the approximate amount of $ 9,000.00 by causing said monies, funds and assets of said labor organizations [sic] to be expended for the payment of personal legal fees and expenses of said RICHARD NELL. All in violation of Section 501(c), Title 29, United States Code. COUNT THREE
3. That on or about November 1970, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use and the use of others, the monies, funds and assets of the International Union of Operating Engineers Local 675 in the approximate amount of $ 300.00 by causing said monies, funds and assets of said labor organization to be expended for *530 the payment of legal fees and expenses for the criminal defense of William R. Simms, a non-union member. All in violation of Section 501(c), Title 29, United States Code. COUNT FOUR
3. That on or about June 17, 1970, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully abstract and vonvert [sic] to his own use and the use of others, monies, funds, assets and property of the International Union of Operating Engineers Local 675 in the approximate amount of $ 3650.00 by causing said monies, funds, and assets of such labor organization to be expended in the purchase of a 1970 Cadillac in the name of defendant RICHARD NELL. All in violation of Section 501(c), Title 29 United States Code. COUNT FIVE
3. That on or about February 6, 1970, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use and the use of others, the monies, funds and assets of the International Union of Operating Engineers Local 675 in the approximate amount of $ 785.00 by causing said monies, funds and assets to be expended for the payment of a portable liquor *531 bar for his personal use. All in violation of Section 501(c), Title 29, United States Code. COUNT SIX
3. From on or about August 1, 1969, up to and including November 8th, 1973, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of Operating Engineers Local 675, by being paid $ 100.00 per month for automobile allowance (said $ 100.00 per month allowance terminating in May 1972), and $ 65.00 per week for travel expenses while, at the same time, being reimbursed for all such expenses relating to the operation and maintenance of his automobile and his travel expenses. All in violation of Section 501(c), Title 29, United States Code. COUNT SEVEN
3. That from on or about August 1969, up to on or about April 1973, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of Operating Engineers Local 675 in the approximate amount of $ 400.00 by submitting for payment *532 and approving the payment of false and fraudulent gasoline receipt claims. All in violation of Section 501(c), Title 29, United States Code. Indictment I was tried in October 1974, and after a trial by jury, Mr. Nell was convicted of the charges set out in counts 1, 2, 4, 6 and 7. This conviction was overturned on appeal to the Fifth Circuit on a finding of reversible error in the selection of the jury. United States v. Nell,526 F.2d 1223 (5th Cir. 1976). Indictment I was then set for retrial on June 1, 1976 "or as soon thereafter as the case may be heard." Indictment II charged Nell with 13 new counts relating to racketeering, extortion and false statements on tax returns. [2] The grand jury charged Nell as follows: COUNT 1
That from on or about January 1, 1969, up to and including December 1, 1974, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, being employed by and associated with an enterprise as defined by Title 18, United States Code, § 1961(4), which *533 enterprise was engaged in and the activities of which affected interstate and foreign commerce, to wit: International Union of Operating Engineers Local 675, did unlawfully, willfully and knowingly conduct and participate directly and indirectly in the conduct of such enterprises affairs through a pattern of racketeering activity as defined by Section 1961, Title 18, United States Code: 1. The racketeering activities engaged in by the defendant, RICHARD NELL, includes the racketeering acts as charged in Counts 2 thru 7 of this Indictment, which are realleged and incorporated in this Count by reference as if fully set forth herein, and the following racketeering acts. 2. That in addition to the racketeering activities alleged in Counts 2 thru 7 herein, the Grand Jury charges that the defendant, RICHARD NELL, did knowingly, willfully and unlawfully commit the following racketeering acts which occurred within ten (10) years of the latest occurring racketeering act: (a) That from on or about April 21, 1969 up to on or about January 19, 1970, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, did unlawfully, knowingly and willfully obstruct, delay and *534 affect commerce and the movement of articles and commodities in commerce by extortion, as defined by Section 1951, Title 18, United States Code; that is, the defendant, RICHARD NELL, did obtain the property of Edward Levine in his capacity as a representative of United Construction Co. of Tennessee; said property being $ 10,000 in American currency with the consent of Edward Levine, such consent being induced by the wrongful use of fear of financial and economic injury to the business of United Construction Co., in violation of Section 1951, Title 18, United States Code. (b) That on or about January 19, 1970, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, as an officer, agent, representative and employee of Local Union 675, International Union of Operating Engineers, a labor organization, which represented, sought to represent and would admit to membership any of the employees of United Construction Co., such employees being employed in an industry affecting commerce, did unlawfully, willfully and knowingly request, demand, receive and accept and agree to receive and accept the payment of money in the amount of $ 10,000 from Edward Levine, a person *535 acting in the interest of the employer, United Construction Co., in violation of Title 29, United States Code, 186. (c) That on or about September 2, 1970, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, as an officer, agent, representative and employee of Local Union 675, International Union of Operating Engineers, a labor organization, which represented, sought to represent and would admit to membership any of the employees of Heede Southern, such employees being employed in an industry affecting commerce, did unlawfully, knowingly and willfully request, demand, receive and accept and agree to receive and accept the payment of money in the amount of $ 2,000 from Ralph Frashier, a person acting in the interest of the employer, Heede Southern, in violation of Title 29, Section 186, United States Code. (d) That on or about August 25, 1969, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use and the use of others, monies, funds and assets of the International Union of Operating Engineers Local 675, its Holding Corporation and Building *536 Fund in the approximate amount of $ 6,000. by causing said monies, funds and assets of said labor organization to be expended for a European vacation for RICHARD NELL and others, in violation of Section 501(c), Title 29, United States Code. (e) That from on or about May 1, 1970, up to August 30, 1972, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of Operating Engineers Local 675 in the approximate amount of $ 9,000. by causing said monies, funds and assets of said labor organization to be expended for the payment of personal legal fees and expenses of said RICHARD NELL, in violation of Section 501(c), Title 29, United States Code. (f) That on or about June 17, 1970, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully abstract and convert to his own use and the use of others, monies, funds, assets and property of the International Union of Operating Engineers Local 675 in the approximate amount of $ 3,650.00 by causing said monies, funds, and assets of such labor organization to *537 be expended in the purchase of a 1970 Cadillac in the name of the defendant, RICHARD NELL, in violation of Section 501(c), Title 29, United States Code. (g) From on or about August 1, 1969, up to and including November 8th, 1973, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of Operating Engineers Local 675, by being paid $ 100. per month for automobile allowance (said $ 100. per month allowance terminating in May 1972), and $ 65. per week for travel expenses while at the same time being reimbursed for all such expenses relating to the operation and maintenance of his automobile and his travel expenses, in violation of Section 501(c), Title 29, United States Code. (h) That from on or about August 1969, up to on or about April 1973, in the Southern District of Florida, the defendant, RICHARD NELL, did unlawfully and willfully embezzle, steal, abstract and convert to his own use, the monies, funds and assets of the International Union of of [sic] Operating Engineers Local 675 in the approximate amount of $ 400. by submitting *538 for payment and approving the payment of false and fraudulent gasoline receipt claims, in violation of Section 501(c). COUNT 2
That from on or about May 1, 1972, up to and including December 30, 1974, the exact dates being unknown, in the Southern District of Florida and elsehwere, the defendant, RICHARD NELL, did unlawfully, knowingly and willfully obstruct, delay and affect commerce and the movement of articles and commodities in commerce by extortion, as defined by Section 1951, Title 18, United States Code; that is, the defendant, RICHARD NELL, did obtain the property of Ralph Sessa in Ralph Sessa's capacity as a representative of Ralph Sessa Bulldozing, Sessa Services, Inc., and Burnup & Sims, Inc., said property being $ 7,500. in American currency with the consent of Ralph Sessa, such consent being induced by the wrongful use of fear of financial and economic injury to the business of Ralph Sessa Bulldozing, Inc., Sessa Services, Inc. and Burnup & Sims, Inc. All in violation of Section 1951, Title 18, United States Code. COUNT 3
2. That from on or about May 1, 1972, up to on or about December 1, 1974, the exact dates being unknown to the Grand Jury, in the *539 Southern District of Florida and elsewhere, the defendant, RICHARD NELL, as an officer, agent, representative and employee of Local Union 675, International Union of Operating Engineers (until November 9, 1973), did unlawfully, willfully and knowingly request, demand, receive and accept and agree to receive and accept the payment of money in the amount of $ 7,500. from Ralph Sessa, a person acting in the interest of an employer, to wit, Ralph Sessa Bulldozing, Inc., Sessa Services, Inc. and Burnup & Sims, Inc.
All in violation of Title 29, United States Code, Section 186. COUNT 4
That from on or about May 1, 1972, up to and including December 30, 1974, the exact dates being unknown, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, did unlawfully, knowingly and willfully obstruct, delay and affect commerce and the movement of articles and commodities in commerce by extortion, as defined by Section 1951, Title 18, United States Code, that is the defendant, RICHARD NELL, did obtain the property of Nicholas Caporella in Nicholas Caporella's capacity as representative of Caporella & Sons, Inc. (name later changed to B.S.I. *540 , Inc.), and Burnup & Sims, Inc., said property being $ 7,500. in American currency, with the consent of Nicholas Caporella, such consent being induced by the wrongful use of fear of financial and economic injury to the business of Caporella & Sons, Inc. (name later changed to B.S.I., Inc.), and Burnup & Sims, Inc.
All in violation of Section 1951, Title 18, United States Code. COUNT 5
2. That from on or about May 1, 1972, up to on or about December 30, 1974, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, as an officer, agent, representative and employee of Local Union 675 International Union of Operating Engineers (up until November 9, 1973), did unlawfully, willfully and knowingly request, demand, receive and accept, and agree to receive and accept, the payment of money in the amount of $ 7,500. from Nicholas Caporella, a person acting in the interest of an employer, to wit, Caporella & Sons, Inc. and Burnup & Sims, Inc.
All in violation of Title 29, United States Code, Section 186. COUNT 6
That on or about March 15, 1973, in the Southern District of Florida *541 and elsewhere, the defendant, RICHARD NELL, did unlawfully, knowingly and willfully obstruct, delay and affect commerce and the movement of articles and commodities in commerce by extortion, as defined by Section 1951, Title 18, United States Code; that is, the defendant, RICHARD NELL, did obtain the property of Joseph Wade Nelson in Joseph Wade Nelson's capacity as a representative of Continental Crane Corp., said property being $ 10,000. in American currency, with the consent of Joseph Wade Nelson, such consent being induced by the wrongful use of fear of financial and economic injury to the business of Continental Crane Corp. All in violation of Section 1951, Title 18, United States Code. COUNT 7
2. That on or about March 15, 1973, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, as an officer, agent, representative and employee of Local Union 675 International Union of Operating Engineers, did unlawfully, willfully and knowingly request, demand, receive and accept and agree to receive and accept the payment of money in the amount of $ 10,000. from Joseph Wade Nelson, a person acting in the interest of an employer, to wit Continental Crane *542 Corp. All in violation of Title 29, United States Code, Section 186. COUNT 8
That on or about the 31st day of March, 1971, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, a resident of Hollywood, Florida, did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 1970, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said return he did not believe to be true and correct as to every material matter in that the said return reported wages and salary income in the amount of $ 40,880.00, dividend income in the amount of $ 17.00, interest income in the amount of $ 2,631.00, loss from business or profession in the amount of $ 1,461.00, awards income in the amount of $ 693.00; whereas, as he then and there well knew and believed, he received substantial income in addition to that heretofore stated. All in violation of Section 7206(1), Title 26, United States Code. COUNT 9
That on or about the 13th day of April, 1972, in the Southern District of Florida *543 and elsewhere, the defendant, RICHARD NELL, a resident of Hollywood, Florida, did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 1971, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said return he did not believe to be true and correct as to every material matter in that the said return reported wages and salary income in the amount of $ 42,148.00, interest income in the amount of $ 4,251.17, loss from business or profession in the amount of $ 1,266.28; director fees income in the amount of $ 739.20; whereas, as he then and there well knew and believed, he received substantial income in addition to that theretofore stated. All in violation of Section 7206(1), Title 26, United States Code. COUNT 10
That on or about the 3rd day of April, 1973, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, a resident of Hollywood, Florida, did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 1972, which was verified *544 by a written declaration that it was under the penalties of perjury and was filed with the Internal Revenue Service, which said return he did not believe to be true and correct as to every material matter in that the said return reported wages and salary income in the amount of $ 63,793.00, interest income in the amount of $ 5,697.00, loss from business or profession in the amount of $ 1,099.00, net gain from the sale of [sic] exchange of capital assets in the amount of $ 3750.00, gain from the supplemental schedule, sale and exchange of capital assets in the amount of $ 220.00, director fees income in the amount of $ 799.00; whereas, as he then and there well knew and believed, he received substantial income in addition to that heretofore stated. All in violation of Section 7206(1), Title 26, United States Code. COUNT 11
That on or about the 6th day of March, 1974, in the Southern District of Florida and elsewhere, the defendant, RICHARD NELL, a resident of Hollywood, Florida, did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 1973, which was verified by a written declaration that it was made under *545 the penalties of perjury and was filed with the Internal Revenue Service, which said return he did not believe to be true and correct as to every material matter in that the said return reported wages and salary income in the amount of $ 57,802.00, interest income in the amount of $ 5,732.00, rental income in the amount of $ 3,370.00, consulting fee income in the amount of $ 1,000.00, director fees income in the amount of $ 790.00; whereas, as he then and there well knew and believed, he received substantial income in addition to that heretofore stated. All in violation of Section 7206(1), Title 26, United States Code. Thereafter, Indictment I and Indictment II were consolidated for trial. In December 1976, a retrial was held on the merits of Counts 1, 2, 4, 6 and 7 of docket No. FL-74-49-CR-SMA and a trial was held on the merits of Counts 1 through 11 in docket No. FL-76-6049-CR-SMA. The combined cases were tried by a single jury. During trial, the United States District Court for the Southern District of Florida instructed the jury as follows: [T]he essential elements of * * * embezzlement [29 U.S.C. 501(c)] are: 1. That the defendant was *546 an officer or employee of the union; 2. That the funds which defendant is charged with embezzling or converting were funds belonging to the union; 3. That the defendant embezzled or converted union funds; 4. That the defendant acted willfully, unlawfully, and with intent to defraud; and 5. That there was a lack of proper authorization for the expenditures or that there was a lack of benefit to the union from the expenditures. In order to establish a violation of this statute [extortion: 18 U.S.C. 1951], the Government must show: 1. That the defendant induced the victim to part with property; 2. That he did so through the wrongful use of actual or threatened force, violence or fear; 3. That in doing so he adversely affected commerce; 4. That he did so knowingly and willfully. On December 13, 1976 the jury rendered its verdict, finding petitioner, Richard Nell, guilty of each of the charges contained in Counts 1, 2, 4, 6 and 7 of docket No. FL-74-49-CR-SMA and Counts 1 through 11 of docket No. FL-76-6049-CR-SMA, including the violations of section 7206(1) for the taxable years 1970 through 1973 as set forth in counts 8 through 11 of *547 the indictment in docket No. FL-76-6049-CR-SMA. Pursuant to the jury verdict, the court entered its judgment on February 14, 1977. In docket No. FL-74-49-CR-SMA, the court stated as follows: Defendant has been convicted as charged of the offense(s) of while being the President of the International Union of Operating Engineers Local 675, and a member of the Executive Board and Holding Corporation Board of said Local Union, did unlawfully and willfully embezzle and convert to his own use monies, funds and assets of said Local 675, all in violation of Section 501(c), Title 29, USC; as charged in Counts One, Two, Four, Six and Seven. In Docket No. FL-76-6049-CR-SMA the court stated as follows: Defendant has been convicted as charged of the offense(s) of in violation of Section 1961, Title 18, USC, as charged in Count One; in violation of Section 1951, Title 18, USC, as charged in Counts Two, Four and Six; in violation of Section 186, Title 29, USC, as charged in Counts Three, Five and Seven; in violation of Section 7206(1), Title 26, USC, as charged in Counts Eight, Nine, Ten and Eleven of the Indictment. By decision filed April 7, 1978, the United States Court of Appeals *548 for the Fifth Circuit affirmed on all counts petitioner Richard Nell's conviction by the United States District Court. United States v. Nell,570 F.2d 1251 (5th Cir. 1978). [3]
On November 17, 1981 respondent filed a motion for partial summary judgment in this case. Therein, respondent contended that petitioner Richard Nell's conviction under section 7206(1) for taxable years 1970 through 1973 collaterally estops him from denying either that his 1970 through 1973 income tax returns were false and fraudulent under section 6653(b) or that he received substantial income which was not reported on petitioners' income tax returns for *549 those years. Additionally, respondent contended that Mr. Nell's convictions for various offenses relating to embezzlement, racketeering and extortion collaterally estop him from denying the contents of statements 4 through 11 in the statement of issues. Finally, respondent asserted that if Mr. Nell is collaterally estopped from denying the existence of embezzlement and extortion income then he also should be estopped from denying the existence of underpayments for the taxable years 1970 through 1973 since there cannot possibly be sufficient offsetting deductions to eliminate all of the alleged underpayments. The motion was calendared for hearing on December 7, 1981 and eventually heard on December 9, 1981. On January 8, 1982, petitioner filed a memorandum brief in opposition to respondent's motion for partial summary judgment. OPINION We must determine the collateral estoppel effect of the prior convictions of petitioner Richard Nell for the crimes of embezzlement, extortion, conversion, racketeering and making false statements on his Federal income tax returns. The doctrine of *550 collateral estoppel was held applicable in the realm of Federal income tax law in Commissioner v. Sunnen,333 U.S. 591, 598 (1948). Thus, where the controlling facts and applicable legal rules remain the same, the judgment of a court deciding an initial action between parties cannot be relitigated in a second action between the same parties which, because such action is not based upon the same cause or demand, is not subject to the broader strictures of the doctrine of resjudicata. Moreover, "where a question of fact essential to the judgment is actually litigated and determined" in the first proceeding, the parties are bound by that factual determination in a subsequent proceeding. Commissioner v. Sunnen,supra at 599-601.Accordingly, not only are the parties bound by the ultimate judgment of the court, but they are also bound by the resolution of any factual issue that is essential to the court's reaching that judgment. In order for the doctrine of collateral estoppel to apply, the parties to the first action must be the same or in privity *551 with the parties to the second action. C.B.C. Super Markets, Inc. v. Commissioner,54 T.C. 882, 894 (1970). That requirement is met here for respondent herein is a party in privity with the party plaintiff in the prior criminal case, the United States of America, and petitioner herein is the same person as the defendant in such case. See Considine v. Commissioner,68 T.C. 52, 59 (1977); Amos v. Commissioner,43 T.C. 50, 52 (1964), affd. 360 F.2d 358 (4th Cir. 1965). First, we deal with the collateral estoppel consequences of Nell's section 7206(1) conviction. In Amos v. Commissioner,supra, we held that the taxpayer's conviction for willful attempted evasion of income taxes in violation of section 7201 necessarily carried with it the ultimate factual determination that a portion of the resulting deficiencies for the years in question was "due to fraud" within the meaning of section 6653(b).[4] See also Tomlinson v. Lefkowitz,334 F.2d 262, 265 (5th Cir. 1964), cert. denied 379 U.S. 962 (1965); *552 Arctic Ice Cream Co. v. Commissioner,43 T.C. 68, 75 (1964); Armstrong v. United States,173 Ct.Cl. 944, 971, 354 F.2d 274, 291 (1965). The result in Amos was extended by this Court's decision in Considine v. Commissioner,supra, where we considered the effect of a conviction under section 7206(1), which provides that: SEC. 7206. FRAUD *553 AND FALSE STATEMENTS. Any person who-- (1) Declaration under penalties of perjury.--Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $ 5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution. The primary issue before the Court in Considine was whether such conviction should collaterally estop the taxpayer from denying that his return for that year was false and fraudulent for purposes of section 6653(b). In addition, where the prior criminal conviction was based upon the omission of a specific item of income which the taxpayer knew that he was required to report, we were asked to decide whether the taxpayer should be estopped from denying that he did in fact have income in the specified amount which was not reported. In addressing these related issues, the Court stated that *554 the essential elements of proof necessary for conviction for violating section 7206(1) are (1) that the return as filed was not correct in a material respect, (2) that the taxpayer was aware of this, and (3) that the taxpayer subscribed with an intent to violate "a known legal duty." Considine v. Commissioner,supra at 60. By comparison, in order to establish a violation of Section 6653(b), it is essential that there also be an underpayment of tax and that this underpayment be attributable to the fraudulent conduct. However, the Court stated that a judgment of conviction under section 7206(1) does not require that there be an underpayment of tax, although it is essential that the return be incorrect in a material matter. Considine v. Commissioner,supra at 61. The Court found that because the only allegation of incorrectness in the taxpayer's return was the omission of certain capital gains received by that taxpayer during the relevant tax years, the findings that such capital gains were omitted from the taxpayer's income and that such omission was a "material matter" were essential to the judgment of conviction under section 7206(1). *555 The Court emphasized, however, that a determination of the exact amount of the omission was not essential to the conviction. Considine v. Commissioner,supra at 62. Thus, the Court in Considine found that a fraudulent intent was essential to the judgment of conviction in the criminal trial. It also found that omission of a "material matter" was essential to such judgment. Since the only alleged omission was the omission of the capital gains, the Court held that the finding that there was an omission of the capital gains and that such omission arose as a result of the taxpayer's fraudulent intent was a finding that was essential to the judgment of conviction. Considine v. Commissioner,supra at 64. Therefore, the taxpayer in Considine was estopped to deny that his return was false and fraudulent and that there was a fraudulent omission of income from his return in that year. The taxpayer, however, was not estopped to contest the amount of such omission or to deny the existence of an underpayment of tax for the year in question since neither such amount nor the fact of underpayment were essential to the judgment of conviction *556 under section 7206(1). The Court reiterated its stance with respect to this issue in Goodwin v. Commissioner,73 T.C. 215 (1979). Again, we held that, based upon a prior section 7206(1) conviction, the taxpayer, in contesting an addition to tax under section 6653(b), was estopped from denying that his returns for the taxable years in question were false and fraudulent and that there was an omission from income from his return in each year. [5]
In both docket Nos. FL-74-49-CR-SMA and FL-76-6049-CR-SMA, petitioner pled not guilty to the counts charged and was subsequently convicted by a jury. In such case, issues which are essential to the verdict must be regarded as having been determined by the judgment. Emich Motors Corp. v. General Motors Corp.,340 U.S. 558, 569 (1951). *557 Respondent asks us to rule that Mr. Nell is collaterally estopped from denying that he received substantial amounts of income in addition to the amounts which were reported on his Federal income tax returns for the taxable years 1970 through 1973, inclusive. In addition, respondent requests that we hold that Mr. Nell be collaterally estopped from denying that there were underpayments of taxes for such taxable years and that all or part of the underpayments of taxes were due to fraud within the meaning of section 6653(b). Respondent bases his motion upon the Considine and Goodwin cases. However, these cases did not go this far. In Considine v. Commissioner,supra, we specifically stated that a conviction under section 7206(1) did not estop the taxpayer from contesting that there was no underpayment of tax since the fact of underpayment was not essential to the judgment of conviction. Considine v. Commissioner,supra at 60, 61. Similarly, Mr. Nell is not collaterally estopped from denying that there were underpayment of taxes for the taxable *558 years 1970 through 1973, inclusive. In Considine v. Commissioner,supra, we also held that the taxpayer was not estopped from contesting the amount of the omission of income. For that reason, Richard Nell cannot be collaterally estopped from denying that he received substantial amounts of income in addition to the amounts which were reported for the taxable years in question. The only finding essential to the judgment of conviction was that there were omissions from income for those years of the type upon which the conviction was based. The specific dollar amounts of such omissions were not essential to the conviction, nor was the fact that such amounts constituted "substantial amounts of income." Finally, respondent requests us to find that Richard Nell is collaterally estopped from denying that all or part of the alleged underpayments of taxes for the taxable years in question were due to fraud. However, we cannot find that Mr. Nell is estopped from denying that there were underpayments for the years at issue. This, again, is because a finding that there were underpayments of taxes for the taxable years in question was not essential to the judgment of *559 conviction. We do hold, however, as we held in Considine v. Commissioner,supra, and in Goodwin v. Commissioner,supra, that Mr. Nell is estopped from denying that his returns for the years 1970 through 1973, inclusive, were false and fraudulent. Furthermore, because the only "material matters" which were incorrect on petitioners' returns for those years were omissions of income, the finding that such omissions arose as a result of Mr. Nell's fraudulent intent was a finding that was essential to the judgment of conviction for each of the years 1970 through 1973. Accordingly, we hold that Mr. Nell is also estopped from denying that there was a fraudulent omission of income from each of his returns for such years. We now turn to the collateral estoppel consequences of Mr. Nell's conviction of embezzlement, extortion and conversion. We hold that Richard Nell is collaterally estopped from denying the following: that Richard Nell did unlawfully and willfully embezzle and convert to his own use monies of the International Union of Operating Engineers Local 675 by causing such monies to be expended for the payment of his own personal legal *560 fees; that Richard Nell did unlawfully and willfully embezzle and convert to his own use and the use of others, monies of the International Union of Operating Engineers Local 675 by causing such monies to be expended in the purchase of a 1970 Cadillac in the name of Richard Nell; that Richard Nell did unlawfully and willfully embezzle and convert to his own use, the monies of the International Union of Operating Engineers Local 675 by being paid an automobile and travel expense allowance while, at the same time, being reimbursed for all such expenses relating to the operation and maintenance of his automobile and travel expenses; that Richard Nell did unlawfully and willfully embezzle and convert to his own use the monies of the International Union of Engineers Local 675 by submitting for payment and approving the payment of false and fraudulent gasoline receipt claims. Cf. United States v. Fabric Garmet Co.,366 F.2d 530 (2d Cir. 1966); Monjar v. Commissioner,13 T.C. 587, 617 (1949). Each separate act of embezzlement formed the basis for conviction under counts Two, Four, Six and Seven of Indictment I, respectively. Such conviction carried *561 with it the essential finding that the embezzlement was unlawful and willful, and that the union funds were expended for Mr. Nell's benefit or for the benefit of others. Since the only allegations of improper use were those contained in such counts, we find that the determination that union funds were put to such uses (that is, payment of legal fees, purchase of Cadillac, etc.) was essential to the judgment of conviction as charged in each of the aforementioned counts. This parallels our holding that the finding of an omission of income by the District Court was essential to the section 7206(1) conviction since the omission of income was the sole alleged "material matter" in which Mr. Nell's returns were incorrect. Finally, as to the extortion counts, we hold that Mr. Nell is collaterally estopped from denying the following: that Richard Nell did obtain the property of Edward Levine in Mr. Levine's capacity as a representative of United Construction Company of Tennessee through wrongful use of fear of financial and economic injury to the business of United Construction Company; that Richard Nell did obtain the property of Ralph Sessa in Mr. Sessa's capacity as a representative *562 of Ralph Sessa Bulldozing, Inc., Sessa Services, Inc. and Burnup & Sims, Inc. through wrongful use of fear of financial and economic injury to the business of Ralph Sessa Bulldozing, Inc., Sessa Services, and Burnup & Sims, Inc.; that Richard Nell did obtain the property of Nicholas Caporella in Mr. Caporella's capacity as a representative of Caporella & Sons, Inc. (name later changed to B.S.I., Inc.), and Burnup & Sims, Inc. through wrongful use of fear of financial and economic injury to the business of Caporella & Sons, Inc. and Burnup & Sims, Inc.; and that on or about March 15, 1973, Richard Nell did obtain the property of Joseph Wade Nelson in Mr. Nelson's capacity as a representative of Continental Crane Corp. through wrongful use of fear of financial and economic injury to the business of Continental Crane Corp.
These facts were essential to Mr. Nell's conviction under paragraph 2(a) of Count 1, and Counts 2, 4 and 6 of Indictment II. Cf. United States v. Fabric Garment Co., supra;Monjar v. Commissioner,supra.
We note that we have denied respondent's request that Mr. Nell be estopped from contesting the specific dates of *563 his criminal conduct. This is because such precise dates were not essential to the ultimate judgment of conviction and therefore are not binding upon Mr. Nell. Commissioner v. Sunnen,333 U.S. 591, 599-600 (1948); Goodwin v. Commissioner,73 T.C. 215, 226 (1979). Petitioners made numerous objections to respondent's proposed use of collateral estoppel against one spouse to a joint return. Respondent agrees with petitioners that Mrs. Nell cannot be collaterally estopped from denying issues previously litigated by her husband. Respondent is only attempting herein to estop Mr. Nell from contesting the issues resolved in his prior litigation. Respondent made this somewhat clear by stating in his notice of deficiency that he would not assert the addition to tax for fraud against Mrs. Nell. It is a long recognized legal maxim that a husband and wife are separate and distinct taxpayers notwithstanding the fact that they have filed joint Federal income tax returns. Dolan v. Commissioner,44 T.C. 420, 428 (1965). Thus, the record must *564 form a basis for entry of a decision with respect to each spouse. Rodney v. Commissioner,53 T.C. 287, 307 (1969). Where one spouse is convicted of an income tax crime and is thereafter collaterally estopped in civil tax litigation from contesting facts or issues settled in the criminal trial, such estoppel does not shackle the spouse not involved in the prior criminal litigation. Here, the fact that Mr. Nell is estopped from denying that his income tax returns were false and fraudulent would not relieve respondent of the duty to prove the fraud by clear and convincing evidence as to Mrs. Nell. This is because collateral estoppel applies only to the parties in the initial litigation and those who stand in privity with such parties. See Considine v. Commissioner,supra at 67; Stone v. Commissioner,56 T.C. 213, 223 (1971); C.B.C. Super Markets, Inc. v. Commissioner,54 T.C. 882, 893-894 (1970); Rodney v. Commissioner,supra at 307; Douglas v. Commissioner,27 T.C. 306, 315 (1956), affd. on another issue sub nom. Sullivan v. Commissioner,256 F.2d 4 (5th Cir. 1958). *565 Thus, we hold that Mrs. Nell is not collaterally estopped from litigating any of the issues presented herein. Finally, we find absolutely no merit to petitioners' argument that the taxable years for which the fraudulent returns were filed were 1971 through 1974. This period was when the criminal acts occurred. However, such conduct related to the prior taxable year's tax return. Thus, the fraudulent returns in question were filed for the taxable years 1970 through 1973. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Because such determinations had the effect of raising petitioners' adjusted gross income, and therefore the floor amount for the purpose of deducting medical expenses pursuant to sec. 213(a), respondent reduced petitioners' medical expense deductions by the following amounts: ↩
1969
$ 130.66
1971
604.22
2. Counts 12 and 13 were dismissed on the Government's motion prior to trial.↩
3. The decision of the Court of Appeals indicates that Richard Nell was indicted for violations of section 7206(1) for the years 1971 through 1974. It states that such violations were with respect to petitioners' tax returns for the same years. United States v. Nell,570 F.2d 1251, 1256↩ (5th Cir. 1978). This is an obvious typographical error. Although the criminal acts of filing the fraudulent returns were committed in the years 1971 through 1974, the returns filed were for the taxable years 1970 through 1973.
4. Section 6653(b) provides as follows: SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013↩, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.
5. The taxpayer in Goodwin, unlike the taxpayer in Considine, had pleaded guilty to the section 7206(1) criminal charges in the prior criminal proceeding. The Court found that this did not alter the collateral estoppel consequences of the resulting conviction. Goodwin v. Commissioner,73 T.C. 215, 223-224↩ (1979).